| | |
|---|---|
| STATE OF SOUTH CAROLINA, ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF   LAURENS ) | |
| ) | |
| CHRISTINE CLARK ) | SUMMONS |
| Plaintiff, ) | |
| ) | |
| vs. ) | FILE NO. |
| ) | |
| ROBERT R. WILKIE ) | 2014-CP30-663 |
| Defendant. ) | |

Stamps: LYNN W. LANCASTER; 2014 AUG 27 A 8:46; LAURENS COUNTY CLERK OF COURT

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Clemson, South Carolina

Dated: August 25, 2014

_____
Plaintiff/Attorney for Plaintiff

Address:    P.O. Box 851, Clemson, SC 29633-0851

SCCA 401 (5/02)

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) 8th JUDICIAL CIRCUIT |
| COUNTY OF LAURENS | ) |
| | ) 2014 AUG 27 A 8:45 |
| CHRISTINE CLARK, | ) |
| *Plaintiff*, | ) LAURENS COUNTY |
| | ) CLERK OF COURT |
| vs. | ) 2014-CP-30-663 |
| | ) |
| BRIAN K. BRIDGES, JUSTIN MOODY, ROBERT R. WILKIE, RYAN ABERNATHY, BRANDON SCOTT, and KENNETH RAY SMITH, | ) |
| *Defendants*. | ) |

## Complaint with Jury Demand

COMES NOW Plaintiff Christine Clark and complains as follows:

### Parties

1. Plaintiff Christine Clark is a citizen of this County.

2. On or about August 30, 2011, Defendant Brian K. Bridges was a deputy of the Laurens County Sheriff's Office. He is sued here in his personal capacity.

3. On or about August 30, 2011, Defendant Justin Moody was a deputy of the Laurens County Sheriff's Office. He is sued here in his personal capacity

4. On or about August 30, 2011, Robert R. Wilkie was a deputy of the Laurens County Sheriff's Office. He is sued here in his personal capacity.

5. On or about August 30, 2011, Defendant Ryan Abernathy was a deputy of the Abbeville County Sheriff's Office. He is sued here in his personal capacity.

6. On or about August 30, 2011, Defendant Brandon Scott was a deputy of the

1

Abbeville County Sheriff's Office. He is sued here in his personal capacity.

7. On or about August 30, 2011, Defendant Robert Abernathy was a deputy of the Abbeville County Sheriff's Office. He is sued here in his personal capacity.

8. On or about August 30, 2011, Defendant Kenneth Ray Smith was a deputy of the Abbeville County Sheriff's Office. He is sued here in his personal capacity.

### Venue

9. Venue is proper in this County because the most substantial part of the actions and omissions at issue took place here.

### Background

10. Ms. Clark incorporates by reference each of the preceding paragraphs here as if stated in full.

11. On August 30, 2011, Ms. Clark, dressed in her panties, was in her home about to take a shower when Defendants Bridges and Moody arrived at Ms. Clark's home, to investigate a potential theft of a riding lawnmower.

12. Without her consent or other lawful authority, Defendant Bridges burst through the back door of her home, grabbed her, and threw her on the ground, causing her to suffer multiple bruises.

13. While in her panties, and over her objections, Ms. Clark was photographed, causing her great humiliation and distress.

14. The Defendants verbally abused Ms. Clark, calling her derogatory names like "bitch."

15. Without warrant or other lawful authority, and while still inside her home, the Defendants falsely arrested Ms. Clark for two misdemeanors: receiving stolen property and for possessing marijuana.

16. Defendant Bridges grabbed her in an offensive manner and dragged her outside to be transported to the Detention Center.

17. Without warrant or other lawful authority authorizing them to do so, the Defendants searched Ms. Clark's home, damaging her property, including bathroom fixtures, sinks, and cabinets.

18. Without warrant or other lawful authority authorizing them to do so, the Defendants seized numerous items from inside Ms. Clark's home, including $200 and a cell phone.

19. Subsequent to the searches described above, Defendant Wilkie purported to obtain a search warrant. That warrant is invalid on its face because it fails to "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. Accordingly that warrant could not authorize any additional searches inside her home.

20. In 2012, the Solicitor dismissed the baseless charges that the Defendants brought against Ms. Clark

21. As a result of the Defendants' outrageous actions, Ms. Clark suffered physical injury, pain and suffering, and emotional anguish.

### Count I – § 1983 (All Defendants)

22. Ms. Clark incorporates by reference each of the preceding paragraphs here as if stated in full.

23. At all relevant times, the Defendants were persons acting color of state law.

24. The Defendants knowingly and intentionally, or else recklessly in disregard of her rights, violated Ms. Clark's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

25. An action against the Defendants is authorized under 42 U.S.C. § 1983.

### Count II – Federal Conspiracy (All Defendants)

26. Ms. Clark incorporates by reference each of the preceding paragraphs here as if stated in full.

27. The Defendants conspired together and acted jointly to deprive Ms. Clark of her rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution and committed at least one overt act in furtherance of that conspiracy, causing her special damage in the form of physical and emotional injuries.

28. A federal claim for conspiracy to violate 42 U.S.C. § 1983 lies against the Defendants.

### Count III – State Civil Conspiracy (All Defendants)

29. Ms. Clark incorporates by reference each of the preceding paragraphs here as if stated in full.

30. The Defendants conspired together, with malice, to injure Ms. Clark and to

deprive her of her federal and state rights, causing her special damage in the form of physical and emotional injuries.

31. A cause of action for civil conspiracy lies against the Defendants.

### Count IV – Declaratory Judgment (All Defendants)

32. Ms. Clark incorporates by reference each of the preceding paragraphs here as if stated in full.

33. A substantial controversy exists about the unconstitutionality of the Defendants' conduct described above.

34. This Court is empowered to grant declaratory judgments. S.C. Code § 15-53-20.

35. A declaratory judgment should issue that the Defendants violated Ms. Clark's Rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution and Sections Ten and Fifteen of Article I of the South Carolina Constitution.

WHEREFORE Ms. Clark prays that this Court will:

A. Award her actual damages, in an amount to be proven at trial;

B. Award her punitive damages, in an amount to be proven at trial;

C. Award her a reasonable attorney fee;

D. Award her a declaratory judgment that her constitutional rights were violated;

E. Award her the costs of this action; and

F. Award her such further relief as justice may so require

## Jury Demand

As to all claims so triable, Ms. Clark hereby demands a trial by jury.

Respectfully submitted,

CHRISTINE CLARK

*One of Her Attorneys*

W. Frank Partridge, Jr.
SC Bar No. 4849
P.O. Box 446
1201 Boyce St.
Newberry, SC 29108
(803) 276-5968 (P)
(803) 276-9994 (F)
admin@partridgelawfirm.com

-and-

Howard W. Anderson III
SC Bar No. 100329
Law Office of Howard W. Anderson III, LLC
PO Box 851
Clemson, SC 29633-0851
864-643-5790 (P)
864-332-9798 (F)
howard@hwalawfirm.com

*Attorneys for Plaintiff*

6