UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| CHRISTINE CLARK,<br>    *Plaintiff*,<br><br>*vs*.<br><br>BRIAN K. BRIDGES; JUSTIN MOODY; ROBERT R. WILKIE; RYAN ABERNATHY; BRANDON SCOTT; KENNETH RAY SMITH; SHERIFF RICKY CHASTAIN, in his official capacity as the Sheriff of Laurens County; and SHERIFF RAY WATSON, in his official capacity as the Sheriff of Abbeville County,<br>    *Defendants*. | No. 6:14-cv-04313-BHH-JDA |

**FIRST AMENDED COMPLAINT**
**COMPLAINT WITH JURY DEMAND**

COMES NOW Plaintiff Christine Clark and complains as follows:

**PARTIES**

1. Plaintiff Christine Clark is a citizen of the State of South Carolina.

2. On or about August 30, 2011, Defendant Brian K. Bridges was a deputy of the Laurens County Sheriff's Office. He is sued here in his personal capacity.

3. On or about August 30, 2011, Defendant Justin Moody was a deputy of the Laurens County Sheriff's Office. He is sued here in his personal capacity

1

4. On or about August 30, 2011, Robert R. Wilkie was a deputy of the Laurens County Sheriff's Office. He is sued here in his personal capacity.

5. On or about August 30, 2011, Defendant Ryan Abernathy was a deputy of the Abbeville County Sheriff's Office. He is sued here in his personal capacity.

6. On or about August 30, 2011, Defendant Brandon Scott was a deputy of the Abbeville County Sheriff's Office. He is sued here in his personal capacity.

7. On or about August 30, 2011, Defendant Kenneth Ray Smith was a deputy of the Abbeville County Sheriff's Office. He is sued here in his personal capacity.

8. Defendant Ricky Chastain is the current Sheriff of Laurens County and is sued in his official capacity as the head of the Laurens County Sheriff's Office.

9. Defendant Ray Watson is the current Sheriff of Abbeville County and is sued in his official capacity as the head of the Abbeville County Sheriff's Office.

## JURISDICTION & VENUE

10. Federal question jurisdiction exists as to the claims against the individual Defendants. 28 U.S.C. § 1331.

11. Supplemental jurisdiction exists as to the state-law claims against in the individual Defendants and the Sheriffs. 28 U.S.C. § 1367.

12. Venue is proper in this Division because the most substantial part of the actions and omissions at issue took place here and one or more Defendants reside in

this Division.

## BACKGROUND

13. Ms. Clark incorporates by reference each of the preceding paragraphs here as if stated in full.

14. On August 30, 2011, Ms. Clark, dressed in her panties, was in her home about to take a shower when Defendants Bridges and Moody arrived at Ms. Clark's home, to investigate a potential theft of a riding lawnmower.

15. Without her consent, Defendant Bridges and Moody entered Ms. Clark's home.

16. Defendant Bridges burst through the back door of her home, grabbed her, and threw her on the ground, causing her to suffer multiple bruises.

17. While in her panties, and over her objections, Ms. Clark was photographed, causing her great humiliation and distress.

18. The Defendants verbally abused Ms. Clark, calling her derogatory names like "bitch."

19. Without a warrant, and while still inside her home, the Defendants arrested Ms. Clark for two misdemeanors: receiving stolen property and for possessing marijuana.

20. The supposed charges against Ms. Clark were false.

21. Defendant Bridges grabbed her in an offensive manner and dragged her outside to be transported to the Detention Center.

22. Without her consent, the individual Defendants searched inside Ms. Clark's home.

23. In the process of the search, the individual Defendants damaged her property, including bathroom fixtures, sinks, and cabinets.

24. Without a warrant authorizing them to do so, the Defendants seized numerous items from inside Ms. Clark's home, including $200 and a cell phone.

25. Subsequent to the searches described above, Defendant Wilkie purported to obtain a search warrant. That warrant is invalid on its face, among other things, because it fails to "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. Accordingly that warrant could not authorize any additional searches inside her home.

26. The individual Defendants lacked lawful authority for their actions.

27. In 2012, the Solicitor dismissed the baseless charges that the Defendants brought against Ms. Clark

28. As a result of the Defendants' outrageous actions, Ms. Clark suffered physical injury in the form of bruises, pain and suffering, and emotional anguish.

**COUNT I – § 1983 (INDIVIDUAL DEFENDANTS)**

4

29. Ms. Clark incorporates by reference each of the preceding paragraphs here as if stated in full.

30. At all relevant times, the Defendants were persons acting color of state law.

31. The Defendants knowingly and intentionally, or else recklessly in disregard of her rights, violated Ms. Clark's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

32. An action against the Defendants is authorized under 42 U.S.C. § 1983.

### COUNT II – FEDERAL CONSPIRACY (INDIVIDUAL DEFENDANTS)

33. Ms. Clark incorporates by reference each of the preceding paragraphs here as if stated in full.

34. The Defendants conspired together and acted jointly to deprive Ms. Clark of her rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution and committed at least one overt act in furtherance of that conspiracy, causing her special damage in the form of physical and emotional injuries.

35. A federal claim for conspiracy to violate 42 U.S.C. § 1983 lies against the Defendants.

### COUNT III – STATE CIVIL CONSPIRACY (INDIVIDUAL DEFENDANTS)

36. Ms. Clark incorporates by reference each of the preceding paragraphs here as if stated in full.

37. The Defendants conspired together, with malice, to injure Ms. Clark and to deprive her of her federal and state rights, causing her special damage in the form of physical and emotional injuries.

38. A cause of action for civil conspiracy lies against the Defendants.

### COUNT IV – DECLARATORY JUDGMENT (ALL DEFENDANTS)

39. Ms. Clark incorporates by reference each of the preceding paragraphs here as if stated in full.

40. A substantial controversy exists about the unconstitutionality of the Defendants' conduct described above.

41. This Court is empowered to grant declaratory judgments. 28 U.S.C. § 2201.

42. A declaratory judgment should issue that the Defendants violated Ms. Clark's Rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution and Sections Ten and Fifteen of Article I of the South Carolina Constitution.

### COUNT V – TORT CLAIMS ACT (SHERIFF'S OFFICES)

43. Ms. Clark incorporates by reference each of the preceding paragraphs here as if stated in full.

44. The Abbeville and Laurens County Sheriffs are each an "agency" for the purposes of S.C. § 15-78-30(a).

45. In performing the actions described above, Defendants Bridges, Moody,

Wilkie acted within the course and scope of their employment with the Laurens County Sheriff, and those actions violated state law. Accordingly the Laurens County Sheriff is liable for their actions and inactions pursuant to the Tort Claims Act.

46. In performing the actions described above, Defendants Abernathy and Scott acted within the course and scope of their employment with the Abbeville County Sheriff, and those actions violated state law. Accordingly the Abbeville County Sheriff is liable for their actions and inactions pursuant to the Tort Claims Act.

47. Further, the Abbeville and Laurens County Sheriffs were grossly negligent in their duty and responsibilities to have and/or implement appropriate policies regarding training, supervision, and monitoring of employees to prevent the misconduct that occurred here.

WHEREFORE Ms. Clark prays that this Court will:

A. Award her actual damages, in an amount to be proven at trial;

B. Award her punitive damages, in an amount to be proven at trial;

C. Award her a reasonable attorney fee;

D. Award her a declaratory judgment that her constitutional rights were violated;

E. Award her the costs of this action; and

F.  Award her such further relief as justice may so require

## JURY DEMAND

As to all claims so triable, Ms. Clark hereby demands a trial by jury.

Dated: May 5, 2015, at Clemson, South Carolina.

                                Respectfully submitted,

                                CHRISTINE CLARK

                                _____

                                Howard W. Anderson III
                                D.S.C. Bar #11456

Law Office of Howard W. Anderson III, LLC
PO Box 851
Clemson, SC 29633-0851
864-643-5790 (P)
864-332-9798 (F)
howard@hwalawfirm.com

## CERTIFICATE OF SERVICE

 I, Howard W. Anderson III, certify that I filed a copy of the foregoing paper using the Court's CM/ECF system, which will deliver a copy to all registered participants. All parties in this case are registered to receive service via CM/ECF except for the following (if any), whom I have served this day by U.S. Mail, proper postage pre-paid:

 N/A

                _____
                Howard W. Anderson III
                D.S.C. Bar #11456